<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4958**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

GORDON MILLER GOODWIN,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:12-cr-00213-CCE-1)

Submitted:  October 22, 2013        Decided:  November 1, 2013

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gordon Miller Goodwin appeals the forty-seven month sentence imposed after he pled guilty, pursuant to a plea agreement, to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (2006). On appeal, Goodwin argues that the district court erred in imposing a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2B3.1(b)(2)(F) (2011), because a threat of death was made. We affirm.

In effecting the robbery, Goodwin produced a note that stated, among other things, that he possessed a gun. As the teller was reading the note and collecting the money, Goodwin made movements with his hands near his waist. The district court found that the statement that Goodwin had a gun was a threat of death that was bolstered by the movements of his hands. Goodwin argues that the district court erred in concluding that the statement "I have a gun" was a threat to use the gun and in its finding that Goodwin's motions at his waist supported the threat.

We review a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Miscalculation of the Guidelines range is a significant procedural error. Id. at 51. This court reviews "de novo the district court's legal

2

interpretation of guidelines terminology and its application of the guidelines to a known set of facts." United States v. Franks, 183 F.3d 335, 337 (4th Cir. 1999). The district court's factual findings are reviewed for clear error. United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010).

In Franks, the court affirmed an enhancement for a threat of death based on a bank robber's note that stated, "You don't have to give me all your cash. No dye packs. I have a gun. I have nothing to lose." Franks, 183 F.3d at 337. The court noted that a threat to shoot a teller is a threat of death, and concluded that the note in question "can only be meant to indicate that Franks is both armed and prepared to use his gun." Id. at 338. In rejecting Franks' arguments, the court also noted that the Sentencing Commission amended § 2B3.1(b)(2)(F) in 1997 by deleting the requirement of an "express" threat of death, and explained that the enhancement applied to actions by the defendant that "would instill in a reasonable person in the position of the immediate victim (e.g., a bank teller) a greater amount of fear than necessary to commit the robbery." Id. at 338-39.

Goodwin acknowledges the holding in Franks, as well as the court's earlier decision in United States v. Murray, 65 F.3d 1161 (4th Cir. 1995), which also affirmed a threat of death enhancement. Goodwin argues, however, that his note merely

3

stated that he possessed the gun, while the examples in the Guidelines commentary and the note and statements in Franks and Murray include critical additional language that evinced a willingness to use the gun if the robber's demands were not satisfied. Goodwin's arguments are unavailing. Courts reviewing a threat of death enhancement have uniformly concluded that a robber's statement that he has a gun can justify the enhancement. United States v. Jennings, 439 F.3d 604, 610-11 (9th Cir. 2006) (collecting cases). The district court did not err in finding that Goodwin's note met the requirements for imposition of the enhancement.

Goodwin also argues that the district court erred in interpreting his hand gestures as supporting the enhancement because they essentially bolstered his statement that he had a gun. He asserts that the surveillance video shows that the teller was not subjectively in fear of death because she asked a customer to stop Goodwin because he had left his identification at the teller window. Goodwin does not dispute that he made several movements with his hands in the area of his waist, but merely disagrees with the district court's interpretation of those movements as corroborating the statement in the note that he had a gun. However, Goodwin's mere disagreement does not establish that the district court clearly erred in its factual finding. Finally, Goodwin cites a Sixth Circuit decision and

4

argues that the video presents mitigating circumstances such that the statement "I have a gun" in the note did not constitute a threat of death. United States v. Wooten, 689 F.3d 570 (6th Cir. 2012). Our review leads us to conclude that Wooten is distinguishable, and that the totality of the circumstances of the robbery did not dilute the threat stated by Goodwin's note.

Accordingly, we affirm Goodwin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED